Filed 10/14/20  P. v. Smith CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TORIANO GERMAINE SMITH,<br><br>    Defendant and Appellant. | C090676<br><br>(Super. Ct. No. CRF191178) |

Appointed counsel for defendant Toriano Germaine Smith filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2019 the victim stored his checks at his business in a desk located in a public lobby. He noticed a pending check for $1,400 that he did not recognize on his checking account; he stopped payment on the check and contacted law enforcement. The pending check number was missing from his checkbook. Surveillance video from the previous day showed defendant entering the lobby and removing a check from the checkbook. At the time, defendant was on parole with GPS monitoring, and his GPS data showed that he had been at the bank where the missing check was cashed.

In July 2019 defendant was charged with forgery relating to a check exceeding $950 in value (Pen. Code, §§ 476, 473, subd. (a)).[1] It was further alleged that he had a prior strike conviction (§§ 667, subds. (b)-(j), 1170.12).

On July 17, 2019, defendant pleaded no contest to the forgery offense and admitted the strike prior in exchange for no more than the low term (doubled) of 32 months in prison and the ability to file a *Romero*[2] motion before sentencing; under the terms of the agreement, an unusual case finding was necessary before probation could be granted. He also agreed to a *Cruz* waiver; if he violated the *Cruz* waiver, defendant stipulated to the maximum term of six years.[3] The parties stipulated that the police report could serve as the factual basis for the plea.

Prior to sentencing defendant filed a *Romero* motion, requesting that the trial court strike his strike prior. The People opposed the motion. The court denied the motion, finding defendant fell within the spirit of the three strikes law given his lengthy criminal record.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254.

In August 2019 the trial court sentenced defendant to the low term of 16 months for the forgery offense, doubled to 32 months for the strike prior.  The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, which was stayed unless parole was revoked (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 court facilities assessment (Gov. Code, § 70373).  The court awarded defendant 10 days of actual credit and 10 days of conduct credit for a total of 20 days of credit.  Defendant timely appealed, and the trial court denied his request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Renner, J.